UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RODNEY A.,<br><br>Plaintiff,<br><br>v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 3:25-cv-05962-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). The parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

Plaintiff applied for SSI and DIB on April 1, 2022, alleging disability as of June 30, 2015.[1] AR 17. His applications were denied initially and upon reconsideration. *Id.* ALJ Laura Valente held a hearing in November 2024 and issued a decision the following month finding plaintiff not disabled. AR 17-27.

The ALJ found plaintiff's degenerative disc disease and degenerative joint disease of the right knee were severe impairments. AR 20. She found plaintiff could

[1] Plaintiff amended his onset date to match his application date at the hearing. AR 35.

perform light work with the following limitations: he can stand/walk for five hours and sit for six hours; occasionally perform all postural activities; occasionally reach overhead bilaterally; occasionally push/pull with the bilateral lower extremities such as for operation of foot pedals; and cannot have concentrated exposure to extreme cold, vibrations, and hazards. AR 21. Based on the testimony of a vocational expert, the ALJ found plaintiff could perform jobs existing in the national economy and was therefore not disabled. AR 25-26.

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 587 U.S. 87, 103 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion and may not affirm ALJ's decision for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

**1. Medical Evidence**

Under the 2017 regulations, the ALJ must explain with specificity how she considered the factors of supportability and consistency in evaluating the medical

opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b); *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022).

Supportability means the extent to which a medical source supports their opinion by explaining the relevant medical evidence. *Woods*, 32 F.4th at 791-92. Consistency means the extent to which an opinion is consistent with the evidence from other medical and non-medical sources in the claim. *Id*. at 792. An ALJ cannot reject an examining doctor's opinion as unsupportive and inconsistent without providing an explanation with substantial evidence. *Id*. There is "a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022).

**a. A. Peter Weir, M.D.**

Plaintiff contends that the ALJ failed to properly assess the opinion of consultative examiner A. Peter Weir, M.D. The ALJ found that Dr. Weir's opinion was minimally supportive of his examination, as it was unremarkable but for reduced cervical spine range of motion. AR 24. Plaintiff argues that the ALJ did not explain her conclusions on supportability. Dkt. 14 at 14-15. Yet the ALJ did cite specific, legitimate reasons to support her conclusions by explaining that the physical examination did not support the recommended limitations. Because the ALJ tied her determination to the unremarkable results, the finding was not conclusory.

Plaintiff argues that the ALJ failed to address Dr. Weir's review of the other medical records. Dkt. 14 at 15; AR 24. While an ALJ need not address every piece of evidence, an ALJ "may not ignore significant probative evidence that bears on the

disability analysis." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022) (quoting *Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir. 1984)). Dr. Weir's opinion report shows he reviewed previous treatment notes and imaging. AR 851-52. Dr. Weir's review of the physical therapy notes support the opined limitations; the x-ray and MRI imaging do not fully support his opinion. AR 380-87, 589-92, 598-99. Because there is support in the medical records for Dr. Weir's opinion, the ALJ's supportability analysis is not backed by substantial evidence.

The ALJ found that Dr. Weir's opinion that plaintiff could stand or walk for four hours per day was inconsistent with the record; the ALJ stated that the medical record showed plaintiff had the ability to stand/walk for five hours. AR 24. The ALJ may reject a physician's opinion that is inconsistent with the medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). But to reject an opinion on such basis, the ALJ must offer some explanation of the alleged inconsistency. Simply stating that a medical opinion is inconsistent with objective findings does not achieve the level of specificity required. *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).

Plaintiff argues that the ALJ did not explain how Dr. Weir's opinion was inconsistent with the record. Dkt. 14 at 16. The ALJ pointed to specific evidence in the record to support her conclusion of inconsistency. AR 24; *see* AR 258-65, 288-92, 300, 302-

An error that is inconsequential to the non-disability determination is harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in an RFC that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id.; see also Carmickle v. Comm'r. Soc.*

*Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008). This is because an incomplete RFC leads to incomplete hypothetical questions presented to the VE. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

**b. Myrna Palasi, M.D.**

Dr. Palasi completed a review of medical evidence for the Department of Social & Health Services on March 13, 2023. AR 897-901. She opined that plaintiff had a less than sedentary RFC with severe postural limitations, marked gross or fine motor skill restrictions, and moderate limitations in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. AR 900.

The ALJ found Dr. Palasi's opinion unpersuasive. AR 24. Plaintiff argues that the ALJ failed to properly evaluate supportability and consistency. Dkt. 14 at 12.

The ALJ found that the evidence Dr. Palasi cited in her opinion (a 2018 physical examination and 2020 lumbar spine imaging) did not support such significant limitations. AR 24. Plaintiff argues this is a conclusory statement and the ALJ's decision fails to meaningfully address supportability. Dkt. 14 at 13.

In rejecting a medical opinion, the ALJ "must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Embrey,* 849 F.2d at 421-22). The Commissioner argues that Dr. Palasi's "scant evaluation" lacked adequate support, implying it was unsupported because the limitations were opined in a checkbox format. Dkt. 16 at 13. The ALJ did not comment on the check-box nature of Dr. Palasi's opinion and the Court may not affirm the ALJ on a ground upon which she

did not rely. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

As for consistency, the ALJ simply concluded that the longitudinal evidence was more consistent with her RFC determination than with Dr. Palasi's opinion. AR 24. This approach is inadequate. *See Garrison,* 759 F.3d at 1012-13 ("An ALJ errs when he rejects a medical opinion…while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

The ALJ failed to consider the supportability and consistency of Dr. Palasi's opinion with the specificity the Ninth Circuit requires and this was harmful error. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (ALJ must set forth reasons for denying benefits in a way that allows for meaningful review). If Dr. Palasi's opinion had been properly assessed, the RFC may have included more restrictive limitations, thereby potentially affecting the final nondisability determination. *Stout,* 454 F.3d at 1054.

**2. Plaintiff's Testimony**

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 722. In assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear, and convincing reasons.

*Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

The ALJ discounted plaintiff's testimony, in part, because he received limited treatment after his alleged onset date. AR 22-23. Unexplained or inadequately explained failure to seek treatment is a valid basis upon which an ALJ can reject a claimant's testimony. *Tommasetti,* 533 F.3d at 1039. The ALJ pointed out that plaintiff offered no explanation and there was no explanation or reasoning contained in the record. AR 25.

Plaintiff argues that the ALJ failed to consider why he did not receive treatment and should have elicited an explanation at the hearing. The Court agrees. Dkt. 14 at 8. SSR 16-3p requires the ALJ to inquire about whether an explanation exists for lack of treatment before discounting a claimant's testimony on that basis. *See* 2017 WL 5180304, at *9 (Oct. 25, 2017). Here, the ALJ asked if plaintiff was taking any medications, but did not question him further as to his treatment or lack thereof. AR 44. This approach is insufficient. *Eitner v. Saul,* 835 F. App'x 932, 933 (9th Cir. 2021) (finding ALJ failed to consider possible reasons a claimant failed to seek treatment where the ALJ asked if the claimant had received treatment, but the inquiry ended there). Accordingly, this was not a clear and convincing reason to reject plaintiff's testimony.

The ALJ also discounted plaintiff's testimony based on his daily activities, such as preparing food, completing chores, driving, shopping in stores, and generally living on his own. AR 25. An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work

skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The Ninth Circuit has found that activities like the ones cited by the ALJ are not transferrable to a work environment. *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) (house chores, cooking simple meals, and occasional shopping outside the home "are not similar to typical work responsibilities."). Nor do plaintiff's activities contradict his testimony about his chronic pain. He testified that he struggles to perform these activities and must break tasks into small increments. AR 46, 259-61. Accordingly, this was not a clear and convincing reason to reject plaintiff's testimony.

Finally, the ALJ found that the evidence did not support plaintiff's alleged level of incapacity. AR 25. But an ALJ "cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony." *Smartt v. Kijakazi,* 53 F.4th 489, 495 (9th Cir. 2022). The ALJ may consider whether the medical evidence supports a claimant's testimony, but lack of corroborating evidence cannot be the only reason the ALJ rejects that testimony. *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005). Because the ALJ's other reasons for rejecting plaintiff's testimony were not supported by substantial evidence, the ALJ could not solely rely on this reason to reject plaintiff's testimony. *See Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 884 (9th Cir. 2006) (where ALJ's other reason to reject testimony was legally insufficient, the sole remaining reason premised on the absence of objective medical support could not justify an adverse credibility determination).

The ALJ failed to provide clear and convincing reasons for rejecting plaintiff's testimony and must reevaluate his testimony on remand.

**3. Whether the ALJ Properly Evaluated Plaintiff's Severe Impairments**

Plaintiff assigns error to the ALJ's evaluation of his severe impairments at step two of the sequential evaluation—specifically, the ALJ's finding that his migraine headaches were not a severe impairment. Dkt. 14 at 17.

The step two inquiry is a *de minimis* screening device used to dispose of groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The Ninth Circuit has emphasized that this inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (rejecting claim that ALJ erred after second hearing, where ALJ found new severe impairments but did not change RFC). The court noted that an ALJ assessing a claimant's RFC before steps four and five "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Id.* at 1049 (citing SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996)).

Thus, the RFC "should be exactly the same regardless of whether certain impairments are considered 'severe' or not" at step two. *Id.* In *Buck,* the Ninth Circuit concluded that because the ALJ decided step two in the claimant's favor and was required to consider all impairments in the RFC, whether "severe" or not, "[a]ny alleged error is therefore harmless and cannot be the basis for a remand." *Id*. at 1049 (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

The same is true here. Because the ALJ decided step two in plaintiff's favor, the ALJ stated that she considered evidence of any and all impairments, including the migraine headaches severe or not, in assessing plaintiff's RFC. AR 20-21.

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings including a de novo hearing, reevaluation of the opinions of Dr. Weir and Dr. Palasi, reevaluation of plaintiff's testimony, and the opportunity to submit additional evidence.

Dated this 5th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge